# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA EASTERN DIVISION

| | |
|---|---|
| Tesmai Ware, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| Securitas Security Services USA, ) | |
| Inc. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Tesmai Ware, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Securitas Security Services USA, Inc. ("Defendant") and seeks redress for discrimination suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's race in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Eastern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Tesmai Ware, an African American female, is domiciled in the state of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant Securitas is a foreign corporation licensed to do business in the State of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff began working for the Defendant as a security guard on or about September 19, 2011.

12. Plaintiff was stationed at Honeywell in Anniston, Alabama.

13. Plaintiff worked at the Honeywell location her entire tenure as an employee with the Defendant.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (DISPARATE TREATMENT)

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

15. According to policy all employees of Securitas are required to wear a uniform.

16. The uniform includes pants that are provided by the Defendant.

17. In order to receive a new or different pair of uniform pants one has to request a pair.

18. Plaintiff grew out of her uniform pants and they were ripped.

19. Upon growing out of the pants she requested a new pair from Defendant.

20. While waiting on her receipt of the new pair Plaintiff began wearing blue jeans to work.

21. Wearing blue jeans to work was a common occurrence with other managers and co-employees at the Honeywell location.

22. On or about September 5, 2018 District Manager Brock Pollard of Securitas came to the Honeywell site.

23. He greeted Plaintiff and informed her he would be back shortly.

24. He then approached Plaintiff in a corner and started to question why she was wearing jeans.

25. Plaintiff informed him that her pants were too small and ripped.

26. He did not question white employees on why they were wearing jeans.

27. He asked Plaintiff if she had requested a new pair.

28. She informed him that she had and that she again informed him that she could not wear her current pants as they did not fit and were ripped.

29. At this point Mr. Pollard asked if Plaintiff wanted to quit.

30. She informed him that she did not want to quit.

31. He then yelled that Plaintiff "needed to leave."

32. Plaintiff responded that the only way she would leave is if she was fired as she had not done anything that other white employees were doing.

33. Mr. Pollard insisted that Plaintiff leave and escorted her out of the building.

34. Plaintiff perceived this as a termination.

35. At no point did Securitas offer Plaintiff her job back.

36. Other white employees were not terminated for violating dress code on September 5, 2018.

37. Plaintiff filed for unemployment and the reason provided for her termination was a violation of dress code.

38. White employees were not subjected to such treatment and were not terminated for engaging in the same conduct.

39. The Defendant discriminated against Plaintiff by terminating Plaintiff for the same or similar acts white employees performed, but were not terminated for, which is a violation of Title VII.

40. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States as such punitive damages are appropriate.

## PRAYER FOR RELIEF FOR ALL COUNTS

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *D. Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
The Patton Firm
3720 4th Avenue South
Birmingham, AL 35222
Phone: (205) 933-8953
Fax: (205) 449-4897
jschatz@thepattonfirmal.com

**Defendant served via Waiver of Service of Summons Form 1B:**

Securitas Security Services USA, Inc.
C/O National Registered Agents Inc
2 North Jackson Street Suite 605
Montgomery, AL 36104

# Exhibit 1

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Tesmai Ware<br>407 Coffee St. Southeast<br>Jacksonville, AL 36265 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-00296 | TONIKO D. NOLAND,<br>Investigator | (205) 212-2073 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**BRADLEY A. ANDERSON,**
**District Director**

FEB 2 0 2020

*(Date Mailed)*

Enclosures(s)

cc: **Earnest Williams II**
EEO Investigator
Securitas Security Services USA
4330 Park Terrace Drive
Westlake Village, CA 91361

**Jeremy Schatz**
THE PATTON FIRM
3720 4th Ave South
Birmingham, AL 35222